## WARNER SUGAR REFINING COMPANY *v.* BEYER BROTHERS, GOSHEN.

[No. 12,303. Filed May 19, 1926. Rehearing denied November 24, 1926. Transfer denied July 17, 1928.]

*Miller, Dailey & Thompson* and *Albert L. Rabb*, for appellant.

*Davis & Schaefer* and *Luke H. Wrigley*, for appellee.

McMAHAN, J.—Complaint by appellant in two paragraphs to recover damages for breach of two contracts, each of which was for the purchase and sale of sugar. A demurrer to each paragraph was sustained; hence this appeal. Appellant is a refiner of sugar located in the city of New York, and selling at wholesale. Appellee is a wholesale grocer doing business at Goshen, Indiana. The first paragraph of complaint alleges that on June 15, 1920, appellant, through the Meinrath Brokerage Company, sold to appellee 600 bags of sugar. A sale memorandum was signed by appellee and forwarded to appellant. Appellant, in writing, acknowledged appellee's "order" given through said broker. The terms and conditions stated in the acknowledgment differed materially from the terms stated in the sale memorandum, and contained the following statement:

"*The Retention of This Memorandum of Purchase* and the absence of any immediate advices in writing from you to the contrary shall constitute an *acceptance of This Purchase* upon the terms and conditions above stated."

Appellant concedes that the terms and conditions stated in the acknowledgment are different from those stated in the sale memorandum, and that the court cor-

rectly sustained the demurrer to the complaint, unless certain letters written to it by appellee are sufficient to take the case out of the statute of frauds. Section 8049 Burns 1926, §4910 R. S. 1881, provides that:

"No contract for the sale of any goods, for the price of fifty dollars or more, shall be valid, unless the purchaser shall receive part of such property, or shall give something in earnest to bind the bargain or in part payment, or unless some note or memorandum in writing of the bargain be made and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized."

Two letters signed by appellee were made a part of each paragraph of complaint. Appellant claims these letters constitute a sufficient memorandum to make the complaint good as against the demurrer. The letters mention and recognize that appellee had ordered at least three cars of sugar from appellant. There is nothing, however, in either of these letters specifically and definitely referring to either the sale memorandum or acknowledgment, and it would require oral testimony to establish a connection between the letters and the sale memorandum and acknowledgment. There is nothing in either of these letters to show that the sugar mentioned in them was the same sugar mentioned in the memorandum or in the acknowledgment. This being true, there was no error in sustaining the demurrer to the first paragraph of complaint.

The second paragraph of complaint is the same as the first except that it relates to the sale of a car of sugar for August or September shipment. What we have said relative to the first paragraph of complaint and the action of the court in sustaining the demurrer thereto applies with equal force to the second paragraph of complaint. *N. Jacobi Hardware Co.* v. *Vietor* (1926),

11 Fed. (2d) 30, is not in point. The writing in that case which was signed by the buyer specifically referred to the order as of a certain date. Moreover, no question as to the statute of frauds was presented in that case.

Judgment affirmed.